IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CORDELIA FUNCHESS                                      PLAINTIFF

VS.              CIVIL ACTION NO.: 3:20-cv-00502-HTW-LRA

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
TOMMY TAYLOR INTERIM COMMISSIONER,
JOHNNIE MCGEE AND JOHN DOES 1-10              DEFENDANTS


**PLAINTIFF'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF HER
REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

   **COMES NOW**, Plaintiff, by and through undersigned counsel
and submits Plaintiff's Memorandum of Authorities in Support
of her Reply to Defendants' Response in Opposition to
Plaintiff's Motion for Leave to File Amended Complaint, and
in support thereof would show the following, to-wit:

### Background

   In 2014, Plaintiff Funchess was put on probation for the
crime of uttering forgery in Madison County Mississippi.
Eventually, her probation officer became to be Defendant
Johnnie McGee.  In 2017, during a visit with Defendant McGee,
he made unsolicited sexual advances to plaintiff and
suggestions of taking care of her.  Subsequently, he
repeatedly called Plaintiff with similar attempts.  After
being jilted and all advances denied, Defendant McGee issued

a warrant for Plaintiff's arrest claiming that she had violated her probation, knowing that she had not. Plaintiff was arrested in Texas and held there for weeks, transported on a week-long trip on a fugitive van and then held for more time in Madison County jail. All a while she had never violated her probation. Defendant McGee refused to provide the Texas Sherriff that detained Plaintiff and Plaintiff's family with a reason for her arrest. During a multiple week long detention Defendant McGee lied to plaintiff's family members about being on vacation and had other employees lie as well because he knew he could not present a legal reason for having her rearrested. As plaintiff has pled in the Proposed Amended Complaint, the then Commissioner knew that Mr. McGee and Department of Corrections employees were lying to protect Mr. McGee. Ultimately, the matter was brought to the attention of the Madison County District Attorney's office who initiated the steps to have her released as that office and the Circuit Court judge found there was no probation violation.

## Discussion

Even though Plaintiff's original complaint pled the necessary facts to support her claims, Plaintiff should be allowed to amend her complaint as proposed to add the then

Commissioner Hall and to plead the additional facts setting forth her claims.

**Both Complaints were sufficiently pled but Plaintiff should be allowed to amend**

The Court applies the following standard when addressing a motion for judgment on the pleadings:

> After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court's inquiry on a motion for judgment on the pleadings is necessarily limited to the pleadings themselves. *See Ark. River Co. v. U.S.,* 840 F. Supp. 1103, 1104 (N.D. Miss. 1993) ("A motion for judgment on the pleadings is a self-descriptive motion which aptly explains that the court's inquiry is strictly limited to the pleadings.").

> A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion—that is, that the Court must determine upon a review of the pleadings whether the plaintiff has stated a valid claim for relief. *Brown v. CitiMortgage, Inc.,* 472 F. App'x 302, 303 (5th Cir. 2012) (per curiam) (citing *St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged.'
*Id.*, 129 S. Ct. 1937.

The Fifth Circuit has further explained
that this standard requires that 'factual
allegations must be 'enough to raise a
right to relief above the speculative
level.' *Oceanic Exploration Co. v.
Phillips Petroleum Co. ZOC*, 352 F. App'x
945, 950 (5th Cir. 2009) (per curiam)
(quoting *Twombly*, 550 U.S. at 555, 127 S.
Ct. 1955). In evaluating the validity of
a plaintiff's claims, the Court 'will
accept all well-pleaded facts as true,
viewing them in the light most favorable
to the plaintiff.' *Great Plains Trust Co.
v. Morgan Stanley Dean Witter & Co.*, 313
F.3d 305, 312-13 (5th Cir. 2002). However,
the Court will not "accept as true
conclusory          allegations          or
unwarranted  deductions of fact." *Id.* at
313; *Brown,* 472 F. App'x at 303.

*R.S. v. Starkville Sch. Dist.*, 2013 U.S. Dist. LEXIS
134264 *, 2013 WL 5295685 (N.D. Miss. Sept. 19, 2013)

**The Plaintiff's Proposed Amended Complaint**

The Plaintiff made the following specific allegations

against Defendant McGee and Commissioner Hall:

1.   In 2014, Plaintiff Funchess was put on
probation and Defendant McGee became her probation
officer Paragraph 9;

2.   Defendant McGee made several sexual
advances  towards  Plaintiff  and  attempted  to
persuade her with financial support to entertain
his advances.  Paragraphs 11;

3.   Defendant McGee made numerous attempts to
court Plaintiff and made numerous harassing phone
calls from his personal cell phone that had nothing
to do with Plaintiff's probation.  Paragraph 12;

4.   After   continuously   refusing   the
inappropriate  advances  Defendant  McGee  had  a
warrant  issued  for  Plaintiff's  arrest  for  a
probation  violation  with  full  knowledge  that  she
had  not  violated  her  probation  in  any  way.
Paragraphs 13-14;

5.   Plaintiff  was  arrested  in  Texas  and  held
for  a  couple  of  weeks.   All  requests  by  the  Texas
Sheriff  for  the  reason  for  the  warrant  were  denied
and  eventually  she  was  put  on  a  fugitive  van.
Paragraph 18.

6.   During  her  detention  attempts  by  family
members  to  find  out  as  to  the  basis  of  her  arrest
were  met  with  lies  from  Defendant  McGee  and  from
DOC  employees.   Then  Commissioner  Hall  was  put  on
notice  that  Mr.  McGee  and  staff  were  lying  to  the
family  as  to  the  basis  of  the  detention  and  she
took  now  actions  against  Defendant  McGee  and  in
fact  impowered  him  more  by  telling  family  members
that  they  had  to  deal  with  Defendant  McGee.
Paragraph 17.

7.   Other  Defendant  Officers  discerned  what
was  going  on  and  eventually  assisted  with  her
release  and  noting  that  Mr.  McGee  was  going  to  get
in  trouble  for  the  way  he  handles  female  parolees.
Paragraph 20.

Defendants' Motion and replies ignores these facts that
were  alleged  in  the  Complaint  and  the  Proposed  Amended
Complaint.   Any  suggestions  that  Defendants  can  use  their
position  to  intimidate  a  female  parolee  into  a  sexual
relationship  or  face  jail  is  false.   This  clearly  violates
Plaintiff's 8th and 14th Amendment Constitutional rights.  See
*Stockman v. Lowndes County*, Miss, 2000 U.S. Dist. LEXIS 16677,
2000 WL 33907696, 2 (N.D. Miss Aug. 21, 2000).

**Qualified Immunity**

The doctrine of qualified immunity protects public officials from liability for civil damage 'insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known.'" *Jennings v. Patton*, 644 F.3d 297, 300 (5ᵗʰ Cir. 2011)(citing *Pearson v. Calhoun*, 555 US 223 (2009)(citations omitted)). A court analyzing a qualified immunity argument should undertake the following two prong analysis. Id. First it should determine "(1) whether the facts that plaintiff has alleged make out a violation of a constitutional right; and (2) whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct."(citations omitted). Plaintiff has clearly alleged violations under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments under the United States Constitution. The right to be free from arrest without probable cause, the right to due process, the right against excessive fine or punishment and the right to freedom were clearly established in the pleadings.

"To state a claim under Section 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Lauderdale v. Tex. Dept. of Criminal*

*Justice*, 512 F.3d 157 (5th Cir.).   Plaintiff alleged in her proposed Amended Complaint:

> The arrest and detention of Plaintiff Funchess was based on the false and malicious statements of Defendant's employee(s) and without proper legal authority and violated Plaintiff's rights to be free from arrest and detention without probable cause;
>
> Plaintiff was deprived of her liberty without due process as a result of his arrest and unlawful detention;
>
> The Defendant's actions as set forth herein caused a criminal prosecution of Plaintiff for parole violation and were malicious and without probable cause;
>
> Defendants were charged with the responsibility and authority to carry out the laws of the United States and the State of Mississippi at all relevant times hereto;
>
> Defendants were acting under the color of law when committing the acts and omissions at subject herein and deprived Plaintiff Funchess of her constitutionally protected rights;
>
> Defendants implemented or failed to implement, practices and procedures which ultimately caused damages to Plaintiff;
>
> Defendants had a practice and/or procedure that allowed a parole officer such as Defendant McGee to have someone detained for significant amounts of time without providing any legal basis for the detention;
>
> Defendants knew or should have known that Plaintiff was being detained without probable cause and that she had not violated her parole; and,
>
> Defendants failure to train and supervise constituted deliberate indifference and caused the constitutional violations and injuries complained of herein.

See Proposed Amended Complaint pages 8-13. A Plaintiff need simply to plead enough facts in the complaint to overcome the qualified immunity argument. *Wicks v. Miss. State Employment Serv.*, 41 F.3d 991, 994 (5th Cir. 1995). And as stated above Plaintiff clearly stated the violations of her rights and provided specifically how they were violated.

### Official Capacity Claim

In order to establish liability against Defendants in their official capacity, it must be shown that (1) an official policy or custom, (2) that the policy maker had actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom. *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). "A persistent, widespread practice of officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute accustom that fairly represent policy." *Burns v. Mayes*, 369 Fed. Appx. 526, 531 (5th Cir. 2010)(citing *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984). In the Proposed Complaint, plaintiff clearly sets forth that Defendant McGee had a history of this practice, Commissioner Hall knew McGee and other were lying and other officers knew McGee had a history of harassing female's on probation.

**State Law Claims**

It is well settled that there is no immunity protection from state law claims where there is a reckless disregard for the safety of the plaintiff or specifically where there is a willfulness or wantonness to cause harm to the plaintiff. Brooks 995 So.2d 733, 740 (Miss. App. 2007). Surely, plaintiff has alleged enough specific facts as to Defendant McGee and Putative Defendant Hall's actions to show wantonness to cause harm to Plaintiff.

**CONCLUSION**

When viewing the proposed amended complaint in the light most favorable to the Plaintiff and for the reasons set forth above, Plaintiff should be allowed to amend her complaint and Defendants' motion should be denied at this time.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff request that she be granted leave to file her Amended Complaint and that the Motion to Dismiss be denied.

**RESPECTFULLY SUBMITTED** this the 29th day of October, 2020.

*/s/ Rayford G. Chambers*
RAYFORD G. CHAMBERS, MSB# 10503
**CHAMBERS & GAYLOR**
Post Office Box 12393
Jackson, MS 39236
(601) 914-0248

(601) 914-0255 (fax)
**ATTORNEYS FOR THE PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

I, Rayford G. Chambers, attorney for the Plaintiff, do hereby certify that I have this day filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

**This the 29th day of October, 2020.**


***/s/ Rayford G. Chambers***
RAYFORD G. CHAMBERS