IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CORDELIA FUNCHESS**                                                                **PLAINTIFF**

vs.                                                               **CIVIL ACTION No.: 3:20-CV-502-HTW-LGI**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS; TOMMY
TAYLOR, INTERIM COMMISSIONER; JOHNNIE MCGEE,
in his individual capacity; COMMISSIONER PELICIA HALL,
in her Individual capacity, AND JOHN DOES 1-10[1].**            **DEFENDANTS**

---

**ORDER**

---

BEFORE THIS COURT is a Motion to Dismiss **[ECF No. 22],** filed by the following defendants: Mississippi Department of Corrections ("MDOC"); Tommy Taylor, the former Interim MDOC Commissioner ("Taylor")[2]; and Probation Officer Johnnie McGee ("McGee"), in his individual capacity. Defendant Pelicia Hall ("Hall"), the former Commissioner of MDOC, filed a separate Motion to Dismiss **[ECF No. 29],** in her individual capacity. This court also addresses Hall's motion for dismissal herein.

**I.     FACTUAL HISTORY**

On February 2, 2014, the Circuit Court of Madison County, Mississippi, sentenced Plaintiff Cordelia Funchess ("Plaintiff" or "Funchess") to a five-year period of supervised probation for

---

[1] In federal court, the title of a complaint "must name all of the parties." Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 4(a)(1)(A) (requiring the parties to be named on a summons); Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest.") The John Doe parties are, therefore, dismissed.

[2] Tommy Taylor is no longer the Interim Commissioner of the Mississippi Department of Corrections. On June 16, 2020, Nathan "Burl" Cain was confirmed by the Senate as the new Commissioner for MDOC. Pursuant to Fed. R. Civ. P. 25(d)Cain is automatically substituted as a Defendant in the place of Taylor. See Fed. R. Civ. P. 25(d) ("(1) When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party…").

1

"Uttering Forgery", a felony offense. Defendant McGee was Plaintiff's (second) supervisory probation officer in the State of Mississippi.

Plaintiff, a resident of Lewisville, Texas, alleges that throughout her probationary period, McGee made numerous "unnecessary phone calls" from his personal and office phone, and that McGee contacted or attempted to contact her "an extraordinary [number] of times". [See ECF No. 21]. Plaintiff states that at all relevant times, McGee was "acting in the course and scope of his duties" as her probation officer. *Id*.

In early 2017, Plaintiff, who had been injured in a car accident, visited McGee's office to inquire about her probation conditions and restitution payments. During this meeting, McGee allegedly made inappropriate comments about her appearance and personal life, asking about her marital status and offering his personal contact information, supposedly, under the guise of offering assistance. Plaintiff states that she declined his advances and left.

Thereafter, McGee's behavior allegedly escalated. He continued to call Plaintiff frequently and, after she rebuffed his advances, placed a fugitive hold on her despite her compliance with probation requirements. McGee sought a warrant for Plaintiff's arrest from the Circuit Court of Madison, Mississippi on October 2, 2018. As a basis for the warrant, McGee signed an Affidavit [Doc. 22-1] claiming that Funchess had violated the following conditions of her supervised release:

> Condition 5.) Offender failed to report to the Madison County probation office since 9/20/2017. Offender whereabouts are unknown.
> Condition 8.) Offender owes $385.00 in supervision fees.
> Condition 10.) Offender owes $2911.50 in court costs and fines.

*Id*. Based on McGee's testimony, the Honorable Judge John H. Emfinger issued an Arrest Warrant the same day, October 2, 2018, and placed Funchess under a fugitive hold.

Funchess alleges that sometime **after** McGee signed the above-referenced affidavit in support of Plaintiff's arrest, McGee called Funchess at her home. Plaintiff recalls this phone call

as follows: McGee called her on a Saturday morning at 7:00 a.m. and attempted to have a conversation with her. McGee asked Plaintiff why she didn't show up to his office the previous day. Plaintiff responded that she had paid all ordered fines and fees; therefore, she no longer was required to report to McGee. McGee supposedly acknowledged that Plaintiff's statement was correct and, despite apologizing, continued his probe into Plaintiff's personal life.

Sometime thereafter, Plaintiff completed her sentenced term of supervised probation. On April 13, 2019, after Plaintiff's five-year period of supervised release had expired, Plaintiff was apprehended by a police officer while driving in Greg County, Texas. The officer conducted a routine review of Plaintiff's driver's license, whereupon he discovered the Plaintiff's outstanding Mississippi arrest warrant. Marking Plaintiff as a fugitive, the police officer took Plaintiff into custody.

Funchess claims that the Greg County Sheriff's Department ("the Sheriff's Department) unlawfully detained her for approximately three (3) weeks. During these three weeks, says Funchess, the Sheriff's Department repeatedly attempted to contact McGee and his superiors in Madison County, Mississippi, to no avail. Unable to ascertain the reason for Plaintiff's fugitive hold, the Sheriff's Department kept Funchess incarcerated. Plaintiff's family members allegedly also made numerous attempts to contact Madison County officials and McGee to understand the reason for her detention but received no substantive response.

According to Funchess, McGee's staff claimed continuously that McGee was on vacation during this time period; however, Commissioner Hall directly contradicted the staff's statements. Defendant Hall served as Commissioner of the Mississippi Department of Corrections during the relevant time period in 2019. Plaintiff alleges that her sister contacted Defendant Hall, who

informed her that Defendant McGee was not on vacation. Hall confirmed to Plaintiff's family that the fugitive hold was in place but allegedly failed to provide any reason for the hold.

When Plaintiff eventually was transported back to Mississippi, local officers, after reviewing her case, determined that she had not violated any probation conditions and facilitated her release.

## II.    PROCEDURAL POSTURE

On May 1, 2020, Plaintiff filed suit against MDOC; Taylor, the then Interim Commissioner of MDOC; McGee; and Commissioner Hall in the Circuit Court for the First Judicial District of Hinds County, Mississippi [ECF No. 1-2], asserting state law claims of reckless disregard, gross negligence, false arrest, false imprisonment, and malicious prosecution. She also alleged violations of Title 42 U.S.C. § 1983[3]. Plaintiff avers that she complied with the pre-notice requirements of the Mississippi Tort Claims Act ("MTCA") before filing suit.

Defendants MDOC and Taylor removed this case to this Court on August 5, 2020, on the grounds of federal question jurisdiction under Title 28 U.S.C. § 1441[4]. [ECF No. 1]. Defendant McGee, who was served with a copy of the Summons and Complaint on August 7, 2020, filed his Joinder in Removal on August 12, 2020. [ECF No. 5].

---

[3] Section 1983 states in pertinent part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress... 42 U.S.C.A. § 1983 (West).

[4] (c) *Joinder of Federal law claims and State law claims*.--(1) If a civil action includes--
(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of § 1331 of this title), and
(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
28 U.S.C.A. § 1441 (West)

This Court has jurisdiction over this matter pursuant to Title 28 U.S.C. § 1331[5], as the claims arise under federal law, specifically Title 42 U.S.C. § 1983. This Court additionally has supplemental jurisdiction over Plaintiff's state law claims pursuant to Title 28 U.S.C. § 1367[6], as they are so related to the federal claims that they form part of the same case or controversy.

On September 21, 2021, after hearing oral arguments, this Court allowed Plaintiff to amend her Complaint. Plaintiff's Amended Complaint [ECF No. 21] alleges violations of her constitutional rights under the Fourth[7], Eighth[8], and Fourteenth[9] Amendments and brings claims under Title 42 U.S.C. § 1983. Plaintiff contends that Defendant McGee, acting as her probation officer, made unsolicited sexual advances towards her and, after she rejected these advances, retaliated by initiating a wrongful arrest and causing her extended detention in Texas without justification. Plaintiff asserts additional state law claims against the Defendants under the MTCA

---

[5] The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
28 U.S.C.A. § 1331 (West)

[6] Title 28 U.S.C.A. § 1367 states in pertinent part: (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

[7] The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
U.S. Const. amend. IV

[8] Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted
U.S. Const. amend. VIII

[9] Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
U.S. Const. amend. XIV

alleging reckless disregard, gross negligence, false arrest, false imprisonment, and malicious prosecution.

Defendants argue that Plaintiff's claims should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction due to Eleventh Amendment immunity and under Rule 12(b)(6)[10] for failure to state a claim upon which relief may be granted. Defendants further contend that McGee is entitled to absolute quasi-judicial immunity for actions taken within his role as a probation officer.

Plaintiff, in response, asserts that McGee's actions were taken in his personal capacity and were outside the scope of his official duties. Plaintiff contends that McGee's conduct—placing an unjustified fugitive hold on her—was a direct act of retaliation for rejecting his advances, and such actions do not qualify for immunity. Plaintiff further argues that McGee's actions violated clearly established constitutional rights, negating any claim of qualified immunity.

### III. STANDARDS OF REVIEW

#### A. Rule 12(b)(1)

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)(internal quotations omitted). Dismissal for lack of subject matter jurisdiction may be based upon: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." BarreraMontenegro v. United States,

---

[10] Rule 12(b)(6) provides that, "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted."

6

74 F.3d 657, 659 (5th Cir. 1996); Voluntary Purchasing Grps., Inc. v. Reilly, 889 F.2d 1380, 1384 (5th Cir. 1989). When a defendant files a Rule 12(b)(1) motion without any accompanying evidence, the Court will accept all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. See Den Norske Stats Oljeselskap As v. *HeereMac v.oj*, 241 F.3d 420, 424 (5th Cir. 2001). If defendants are entitled to Eleventh Amendment immunity, the Court lacks subject matter jurisdiction over a plaintiff's claims against those defendants. See *Mahogany v. La. State Sup. Ct.*, 262 Fed.Appx. 636, 636 (5th Cir. 2008) (per curiam) ("A federal district court lacks subject matter jurisdiction where the named defendants are protected by Eleventh Amendment immunity.").

### B. Rule 12(b)(6)

Defendants herein have also moved to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim against them upon which relief may be granted. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the complaint. To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* In considering a motion to dismiss for failure to state a claim, the court accepts all well-pleaded facts

7

as true and views the facts in the light most favorable to the plaintiff. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014).

## IV. LAW AND DISCUSSION

### A. Eleventh Amendment Immunity

The principle of sovereign immunity protects Defendants MDOC and Taylor. This principle is reflected in the Eleventh Amendment, which precludes suits brought by private citizens against states in federal courts unless the State has Waived its immunity. U.S. Const. Amend. XI; *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Congress did not abrogate Eleventh Amendment immunity in enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Additionally, Mississippi has not waived its right to sovereign immunity. *See* Miss. Code Ann. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

Sovereign immunity extends to any state agency or department deemed to be an "arm of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326-27 (5th Cir. 2002); see *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (the Eleventh Amendment bars a federal court suit naming "the State or one of its agencies or departments as the defendant").The Fifth Circuit has identified six factors to guide an analysis of whether an entity is an arm of the State:

> (1) whether state statutes and case law view the entity as an arm of the state; (2) the source of the entity's funding; (3) the entity's degree of local autonomy; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has the authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property.

*Perez*, 307 F.3d at 326–27. An entity need not satisfy all six factors; rather, the factors "simply provide guidelines for courts to balance the equities and determine if the suit is really one against

the state itself." *Id*. at 327.The MDOC is an arm of the state. So is Defendant Taylor, as the then Interim Commissioner of MDOC.

The United States Supreme Court has succinctly held that the State, arms of the State and state officials sued in their official capacity are not "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id*. at 70.MDOC, as an arm of the state, and Defendant Taylor in his official capacity, are immune from suit under the Eleventh Amendment. *See Hudson v. City of New Orleans*, 174 F.3d 677, 682 (5th Cir. 1999) (holding that state agencies and officials acting in their official capacities are protected by sovereign immunity unless explicitly waived). Plaintiff's claims against these defendants in their official capacities are, therefore, DISMISSED.

### B. Individual Capacity Claims Against Defendant McGee

#### 1. *Quasi-Judicial Immunity*

Plaintiff's Amended Complaint alleges claims against McGee in his individual capacity only. Defendant McGee asserts that he is entitled to absolute quasi-judicial immunity as a probation officer, arguing that his actions—initiating an arrest warrant and supervising Plaintiff's probation—were judicial in nature and thus protected. The doctrine of absolute immunity shields from liability officials performing functions intimately associated with the judicial process. *See Butz v. Economou,* 438 U.S. 478, 511 (1978).

The Fifth Circuit has held that parole and probation officers are entitled to absolute immunity when performing tasks integral to the judicial function, such as preparing pre-sentence reports or making recommendations regarding revocation. *See Martinez v. Abbott,* 796 Fed. Appx. 196, 199 (5th Cir. 2019). Absolute immunity, however, does not extend to actions taken in a

personal capacity or for motives unrelated to official duties. *See Davis v. Tarrant County, Tex.,* 565 F.3d 214, 228 (5th Cir. 2009).

In *Davis*, the Fifth Circuit reaffirmed its a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Id*. at 222. The *Davis* Court found that the defendant judges' acts of appointing counsel are judicial in nature. The Court, further, went on to explain the concept of quasi-judicial absolute immunity— the doctrine under which a private actor may be afforded the absolute immunity ordinarily accorded judges acting within the scope of their jurisdiction if the private actor's role is functionally comparable to that of a judge or if the private actor's acts are integrally related to an ongoing judicial proceeding. The Court stated that because "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches", the Court applies the same test enumerated above for quasi-judicial immunity cases. *Id* (internal citation omitted).

Here, Plaintiff alleges that McGee abused his authority by placing an unjustified fugitive hold on her not as a legitimate exercise of judicial discretion but as retaliation for rejecting his advances. Courts repeatedly have denied absolute immunity where officials misuse their authority for personal reasons. In *Galvan v. Garmon*, 710 F.2d 214, 215-16 (5th Cir. 1983), the Fifth Circuit held that a probation officer was not entitled to absolute immunity when he initiated revocation proceedings based on mistaken identity, concluding that his actions were not sufficiently connected to a judicial function. Similarly, in *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.

10

1993), the court ruled that judicial immunity does not cover acts that are administrative or personally motivated.

In light of Plaintiff's assertions in her Amended Complaint that McGee acted with malice and outside the scope of his legitimate duties, this Court finds that Plaintiff sufficiently has pled that McGee's conduct was retaliatory and not a proper exercise of judicial authority. Accordingly, McGee's motion to dismiss on the basis of absolute immunity is DENIED.

### 2. *Qualified Immunity*

Defendant McGee contends that even if he is not protected by quasi-absolute judicial immunity, he is entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

The qualified immunity analysis follows a two-pronged approach: (1) whether the plaintiff has alleged the violation of a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Id*. at 232.

Plaintiff alleges that McGee's actions—placing an unjustified fugitive hold on her, falsifying probation violations, and effectuating her wrongful arrest—violated her Fourth and Fourteenth Amendment rights. The Fourth Amendment protects against unreasonable searches and seizures, including wrongful arrests without probable cause. See *Manuel v. City of Joliet*, 580 U.S. 357, 364 (2017). The Fourteenth Amendment ensures due process, which Plaintiff contends was denied when McGee orchestrated her detention despite her compliance with probation terms.

A right is clearly established when it is sufficiently clear that reasonable officials would understand that their actions violate that right. *See Mullenix v. Luna*, 577 U.S. 7, 11 (2015). Courts have consistently held that fabricating evidence, knowingly filing false affidavits, and making arrests without probable cause constitute constitutional violations. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978) (holding that knowingly or recklessly making false statements in an affidavit violates the Fourth Amendment).

Here, McGee's alleged conduct—knowingly filing a false affidavit and causing an unlawful arrest—clearly falls within established constitutional violations. Given that Plaintiff has alleged sufficient facts to demonstrate that McGee's conduct violated a clearly established right, qualified immunity does not shield him from liability.

For these reasons, McGee's motion to dismiss on the basis of qualified immunity is DENIED.

### C. State Law Claims

This Court has supplemental jurisdiction over Plaintiff's state law claims against the Defendants under 28 U.S.C. 1367(a)[11]; accordingly, this Court applies Mississippi substantive law. *See Songcharoen v. Plastic & Hand Surgery Assoc., P.L.L.C.*, 561 Fed. App'x 327, 332 (5th Cir. 2014). The MTCA provides immunity to state employees for acts or omissions falling within the course and scope of their employment. Miss. Code Ann. § 11-46-7(1); however, the MTCA explicitly excludes from immunity any acts committed with fraud, malice, libel, slander, defamation, or criminal intent. Miss. Code Ann. § 11-46-5(2).

Funchess has alleged that McGee's actions were taken in "reckless disregard of the safety and well-being of [the Plaintiff]" under the MTCA. See Amended Complaint, ¶ 4, 15 & 21.

---

[11] See fn. 4.

Specifically, she alleges that McGee engaged in misconduct that included repeated unwanted sexual advances, retaliatory abuse of power, and knowingly filing false statements to effectuate her wrongful arrest and prolonged detention.

The Mississippi Supreme Court has held that conduct rising to the level of fraud or malice falls outside the protections of the MTCA. *See Zumwalt v. Jones Cnty. Bd. of Supervisors*, 19 So. 3d 672, 688 (Miss. 2009) (holding that acts committed with malice or criminal intent are beyond the scope of employment for MTCA purposes). Given Plaintiff's allegations that McGee knowingly fabricated violations to secure an arrest warrant as a means of retaliation, such conduct, if proven, would constitute malice and, thus, remove McGee from the protections of MTCA immunity.

The Mississippi Supreme Court has recognized further that false arrest and malicious prosecution claims can proceed against government employees in their individual capacities when employees act outside the scope of their lawful duties. See *Foster v. Noel*, 715 So. 2d 174, 179 (Miss. 1998) (holding that a police officer's deliberate misconduct in falsifying charges against a plaintiff negated MTCA immunity). Similarly, McGee's alleged personal vendetta against Plaintiff, motivated by her rejection of his advances, places his actions outside the scope of his official duties and removes any claim to MTCA immunity.

Additionally, Plaintiff has met the procedural requirements of the MTCA by providing the required notice of claim before initiating her lawsuit. As such, her claims for false arrest, false imprisonment, gross negligence, reckless disregard, and malicious prosecution may proceed against McGee in his individual capacity.

Conversely, state law claims against Defendants MDOC and Taylor are barred under the MTCA, as they are state entities or employees acting within their official capacities, entitling

them to immunity. See Miss. Code Ann. § 11-46-9(1)(d). Therefore, the state law claims against these defendants are DISMISSED.

For the foregoing reasons, Plaintiff's state law claims against Defendant McGee in his individual capacity remain viable and are not barred by MTCA immunity.

### D. Claims against Defendant Commissioner Hall

This Court now turns to Defendant Hall's motion to dismiss [ECF. No. 29]. Hall argues that Plaintiff's Amended Complaint fails to state a claim against her in her individual capacity for which relief can be granted because the complaint contains no facts demonstrating she acted outside the scope of her employment as Commissioner of the Mississippi Department of Corrections. Thus, argues Hall, she is entitled to qualified immunity from Plaintiff's § 1983 claim and immunity under the Mississippi Tort Claims Act ("MTCA") for any state law claims. This Court agrees.

As stated above, to overcome qualified immunity at the motion to dismiss stage, a plaintiff must plead specific facts that allow the court to draw a reasonable inference that the defendant is liable for the harm alleged and defeat the qualified immunity defense with equal specificity. *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017). The complaint must articulate how the defendant's individual actions violated the Constitution. *Iqbal*, 556 U.S. at 676.

Here, the Court finds that the Plaintiff has failed to plead sufficient facts to overcome Defendant Hall's assertion of qualified immunity. The Amended Complaint alleges that Plaintiff's sister contacted Defendant Hall, who informed her that Defendant McGee was not on vacation. The Plaintiff argues that this somehow equates to a constitutional violation. This Court disagrees.

The allegations against Hall do not demonstrate that she acted outside her official capacity, nor do these allegations establish that her actions directly caused a deprivation of Plaintiff's

14

constitutional rights. The allegations present only that Hall was contacted in her official capacity and provided information related to an employee's work status. This Court finds that Hall's actions do not rise to the level of a constitutional violation under §1983.

The Fifth Circuit recently restated the requirement for specificity under *Iqbal* in a plaintiff's complaint to overcome qualified immunity at the motion to dismiss stage. *Shaw v. Villanueva*, 918 F.3d 414, 418 (5th Cir. 2019). The Court pointed out that "*Iqbal* alleged that Ashcroft 'knew of, condoned, and willfully and maliciously agreed to' violate Iqbal's constitutional rights. *Iqbal* also alleged that Ashcroft was the 'principal architect' of an invidious policy of violating prisoners' constitutional rights. But the *Iqbal* Court held that, by themselves, these were simply bald allegations." *Shaw v. Villanueva*, 918 F.3d 414, 418 (5th Cir. 2019) (internal citations omitted).

This Court reiterates that the MTCA provides immunity to state employees for acts or omissions falling within the course and scope of their employment. Miss. Code Ann. § 11-46-7(1). Given the Plaintiff's failure to demonstrate that Hall acted outside the scope of her employment, the MTCA, too, provides grounds for dismissal.

Because Plaintiff has failed to plead specific facts demonstrating that Defendant Hall violated the Plaintiff's constitutional rights through her own individual actions or that Defendant Hall acted outside the scope of her employment, Defendant Hall is entitled to qualified immunity on the Plaintiff's §1983 claim and immunity under the MTCA on the Plaintiff's state law claims. Accordingly, this Court dismisses all claims against Defendant Hall.

## V.    CONCLUSION

**For the reasons stated above, IT IS ORDERED that Defendants' Motion to Dismiss [ECF No. 22] is hereby GRANTED IN PART and DENIED in PART as to Defendant Johnnie McGee.**

**IT IS FURTHER ORDERED THAT** Defendant Pelicia Hall's Motion to Dismiss [ECF No. 29] is **GRANTED** in toto.

**SO ORDERED** this the 7th day of March, 2025.

                                      **/s/HENRY T. WINGATE**
                                      **UNITED STATES DISTRICT COURT JUDGE**