IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CORDELIA FUNCHESS**                                                      **PLAINTIFF**

v.                                                 CIVIL ACTION No.: 3:20-cv-00502-HTW-LGI

**JOHNNIE MCGEE**                                                  **DEFENDANT**

<u>MEMORANDUM IN SUPPORT OF DEFENDANT MCGEE'S</u>
<u>MOTION FOR SUMMARY JUDGMENT</u>

COMES NOW, Defendant Johnnie McGee ("Defendant"), by and through counsel, and submits his Memorandum of Authorities in Support of Motion for Summary Judgment, and would show unto the Court as follows:

<u>INTRODUCTION AND FACTUAL BACKGROUND</u>

On February 10, 2014, Plaintiff Cordelia Funchess was sentenced to five years of probation for three counts of uttering forgery. Ex. A, *Circuit Court Probation Order*, at p. 1. The conditions of Plaintiff's five-year probation were, in relevant part:

> During the term of SUPERVISED PROBATION the Defendant shall:
>
> 5. Report to the Department of Corrections and/or the supervising agency or authority as directed and permit the said Department, agency or other authority or designee to visit the Defendant at home or elsewhere; consent to the search of the Defendant's person, vehicle(s) and surroundings for weapons, controlled substances or contraband of any kind or character; remain within the geographical area specified by the said Department, agency or other authority; if under supervised probation immediately report changes of address of residence and/or employment and (excepting a non resident of the State), **remain within the State of Mississippi unless authorized in writing to travel outside of its borders**.
> 8. Pay supervision fees, if required, to the Department of Corrections in the amount as set by statute or to the supervising agency

1

or other authority each month during the term of SUPERVISED PROBATION.

    9. Waive extradition to the State of Mississippi from any other jurisdiction within or outside of the United States where the Defendant may be found and not to contest or resist any effort by any other jurisdiction to return the Defendant to this State.

    10. Pay all court costs, statutory fees and assessments, fine(s) and restitution, if applicable, in the amounts and at the times specified in this or any other order by the Court.

    11. Comply with this and all future orders of the Court made and entered in this cause.

*Id.* at pp. 3-4. (emphasis added).

On three occasions, March 15, 2018, July 30, 2018, and September 28, 2018, Defendant McGee attempted to conduct home visits. Ex. B. *MDOC Probation Entries*, pp. 3-4. After not making contact with the plaintiff during the September visit, McGee was advised by the apartment manager that Plaintiff had moved four months prior. *Id.* at p. 4. On October 2, 2018, a warrant for violation of non-adjudicated probation was issued by Judge Emfinger based on Defendant McGee's testimony. Ex. C, *Warrant for Violation of Probation*.

Plaintiff admits that approximately four years into her five-year sentence, in January of 2018, she relocated to Texas. Ex. D, *Plaintiff's Discovery Responses* at pp. 7-8. Despite the circuit court's order mandating written authorization to travel outside of the state's border, Plaintiff claims she complied with the terms of her probation. *Id.* at p. 2. She alleges she informed McGee of her intent to relocate and was told no paperwork was necessary and to continue reporting via phone. *Id.* at 9.

On or about April 13, 2019, Plaintiff was arrested in Texas during a routine traffic stop. [Doc. 49] at p. 7. The officer ran her information and saw a fugitive hold based on the arrest warrant. *Id.* As a result, she was detained for three weeks in the Greg County jail before being brought to Mississippi. *Id.* at pp. 7-8. Later, a petition for order releasing arrest warrant was submitted by a different probation officer, stating that Defendant had been in contact with MDOC but the contact was not properly noted in her file. Ex. E, *Petition for Order Releasing Arrest Warrant*. As such, the assistant district attorney filed a motion to withdraw petition to adjudicate and sentence. Ex. F, *Motion to Withdraw Petition to Adjudicate*. In this motion, he stated that the petition was based on "erroneous information" that Plaintiff had not reported. *Id.* It further stated that the State did not believe probable cause existed that Funchess did not report as directed. *Id.* The circuit court then entered an order dismissing the petition. Ex. G, *Order Dismissing Petition*.

Plaintiff now brings the current lawsuit under both state and federal laws, alleging violation of 42 U.S.C. Section 1983, false arrest/false imprisonment, malicious prosecution, gross negligence, and reckless disregard.

## PROCEDURAL BACKGROUND

It is important to note that this case was originally filed against Johnnie McGee, MDOC, Pelicia Hall (former commissioner), and Tommy Taylor (former interim commissioner). Plaintiff's Complaint therefore included numerous supervisory claims such as the failure to implement practices and procedures, failure to supervise and instruct, and failure to train and supervise employees.

On March 7, 2025, this Court entered its Order hereby dismissing all claims against the supervisory defendants, leaving only the individual capacity claims against Defendant McGee. [Doc. 41]. However, Plaintiff's amended complaint nonetheless repeats the same supervisory allegations and includes language such as: "**Defendants** negligently and grossly negligently *failed to train and supervise their employees*." [Doc. 49]. This language is found throughout several causes of action of Plaintiff's complaint. *Id*. But because such claims cannot be maintained against this individual, non-supervisory defendant, this motion will address the remaining viable claims.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the evidence presented by the nonmovant "'is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 249). In deciding whether summary judgment is appropriate, the Court views the evidence and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

But "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Grp., plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002)). "In order to succeed on a § 1983 claim, the plaintiff must allege facts reflecting the defendant's participation in the alleged wrong, specifying the personal involvement of each defendant." *Chandler v. Epps*, No. 3:14-CV-603-CWR-FKB, 2016 WL 1183605, at *2 (S.D. Miss. Mar. 25, 2016).

Summary judgment is properly granted in favor of the defendant when the undisputed facts and inferences drawn in the plaintiff's favor show the defendant is entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 227 (2009). "Once the defendant raises the qualified immunity defense, 'the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law.'" *Harris v. Serpas*, 745 F.3d 767, 771 (5th Cir. 2014) (quoting *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008)).

Case 3:20-cv-00502-HTW-LGI   Document 58   Filed 10/20/25   Page 6 of 18

## ARGUMENT

I. <u>Defendant is entitled to qualified immunity on all individual capacity claims brought against him.</u>

Qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

In assessing a claim of qualified immunity, courts apply a two-part analysis. The threshold question is "whether Plaintiff's allegations establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194 (2001); *see also Pearson v. Callahan*, 555 U.S. 223 (2009) (holding that "order of battle" outlined in *Saucier*, 533 U.S. 194 is not mandatory in every instance). However, "if a violation could be made out, the next sequential step is to ask whether the right was clearly established." *Id.* at 201. The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Saucier*, 533 U.S. at 202.

### A. <u>Plaintiff has failed to show a violation of clearly established law.</u>

Plaintiff cannot show a violation of clearly established law in this case. "A government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483

6

U.S. 635, 640 (1987)). To find that the law was clearly established, "[the court] must be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Morgan v. Swanson*, 659 F.3d 359, 371–72 (5th Cir. 2011) (brackets and internal quotation marks omitted) (quoting *Ashcroft*, 563 U.S. at 741). That does not mean that there must be a case "directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft*, 563 U.S. at 741.

1. <u>Plaintiff has failed to present a viable Fourth Amendment claim.</u>

Plaintiff argues that "Defendant[] knew or should have known that Plaintiff was being detained without probable cause and that she had not violated her probation." [Doc. 49]. Plaintiff essentially alleges that Defendant violated the Fourth Amendment by placing an unjustified fugitive hold on her, falsifying probation documents, and effectuating her wrongful arrest. *Id.*; [Doc. 41] at p. 11.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and further provides that "no Warrants shall issue, but upon probable cause." *Fla. v. White*, 526 U.S. 559, 563 (1999).

"Probable cause does not require proof beyond a reasonable doubt, but only a showing of the probability of criminal activity." *United States v. Froman*, 355 F.3d 882, 889 (5th Cir. 2004). "[P]robable cause means something more than mere suspicion." *Id.* It requires the existence of facts "sufficient in themselves to warrant a

man of reasonable caution in the belief that an offense has been or is being committed" and the person to be arrested (or searched) committed it. *Id.*

Here, Plaintiff alleges that no probable cause existed because she had complied with the terms of her probation. She specifically alleges that she informed the defendant of her intent to relocate and was told that no paperwork was required and to continue reporting via phone.

There are several uncontroverted facts here. At the time the petition seeking a warrant for plaintiff's arrest was submitted, (1) Plaintiff was under supervised probation, (2) Plaintiff had relocated outside of the state's border, and (3) Plaintiff did not obtain written authorization as mandated by the circuit court's order. Plainly stated, at the time the warrant was issued, Plaintiff was in violation of the terms of her probation. While she may now attempt to rely on the circuit court's later withdrawal of the warrant, this does not negate the unrebutted evidence before this Court. That is, at the time the warrant was sought, Plaintiff was in violation of her probation.

Furthermore, the very same circuit court order also provided that Plaintiff waived extradition from any other jurisdiction and was not to contest any efforts to return back to Mississippi. Ex. A, *Circuit Court Probation Order* at p. 4. As such, Plaintiff's argument that Defendant violated her constitutional rights by failing to respond to the Greg County Sheriff's Office is unmeritorious.

Because probable cause existed here, Plaintiff's Fourth Amendment claim fails.

## 2. Defendant's actions were objectively reasonable.

Assuming, only for the sake of argument, that Defendant violated a clearly established constitutional right, the court must then consider whether his actions (if any) were "objectively reasonable" in light of "law which was clearly established at the time of the disputed action." *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004) (citations omitted).

Whether an official's conduct was objectively reasonable is a question of law for the court, not a matter of fact for the jury. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999). To be clearly established for purposes of qualified immunity, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008). The unlawfulness of the defendant's actions must have been readily apparent from sufficiently similar situations, but it is not necessary that the Defendant's exact act have been illegal. *Id.* at 236–37. An official's actions must be judged considering the circumstances that confronted him, without the benefit of hindsight. *Graham v. Connor*, 490 U.S. 386, 396–97 (1989). In essence, a Plaintiff must allege facts sufficient to establish that no reasonable officer could have believed his actions were proper. *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994). *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

What is important about the standard of conduct to determine qualified immunity is that it embodies "reasonableness." That is to say, "qualified immunity affords 'ample protection to all but the plainly incompetent or those who knowingly

violate the law." *Id.* at 384. (*See also Malley*, 475 U.S. at 341 (holding that if officers of reasonable competence could disagree on the issue, immunity should be recognized); *Anderson*, 483 U.S. at 640. It is well settled in the Fifth Circuit that a defendant's acts are considered "objectively reasonable" unless all reasonable officials in the defendant's circumstances would have known that the conduct at issue violated clearly established law. *Thompson v. Upshur Cnty., TX*, 245 F.3d 447, 456 (5th Cir. 2001). "Pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 578–579 (5th Cir. 2009) citing *Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997).

As discussed above, Plaintiff is unable to establish that Defendant violated a clearly established constitutional right. Critically, Plaintiff violated a court order while under supervised probation. Therefore, there was probable cause to seek a warrant for Plaintiff's arrest.

But assuming only for the sake of argument that the Defendant violated a clearly established constitutional right, which he did not, his act of seeking an arrest warrant was reasonable. As reflected in the MDOC documents, Defendant attempted to make approximately three home visits after her last documented report date. Ex. B, *MDOC Probation Entries* at pp. 3-4. After getting no response and after being informed by Plaintiff's former apartment manager that she had moved from the residence about four months prior, he then sought an arrest warrant. *Id.*

10

Because Defendant McGee did not violate a clearly established law and because Defendant acted reasonably by seeking an arrest warrant after Plaintiff failed to obtain any written authorization to leave the state, he is entitled to qualified immunity on all Section 1983 claims. Therefore, such claims should be dismissed.

## II. Plaintiff's false arrest/false imprisonment claims lack merit.

"False arrest is an intentional tort, arising when one causes another to be arrested falsely, unlawfully, maliciously and without probable cause." *Mound Bayou v. Johnson,* 562 So. 2d 1212, 1218 (Miss. 1990). "If there is probable cause for the charges made, then the plaintiff's arrest is supported by probable cause, and a claim for false arrest must fail." *Croft v. Grand Casino Tunica, Inc.*, 910 So. 2d 66, 76 (Miss. Ct. App. 2005).

> Probable cause is a practical, nontechnical concept, based upon the conventional considerations of everyday life on which reasonable and prudent men, not legal technicians, act. It arises when the facts and circumstances within an officer's knowledge, or of which he has reasonably trustworthy information, are sufficient in themselves to justify a man of average caution in the belief that a crime has been committed and that a particular individual committed it.

*Thompson v. State*, 92 So. 3d 691, 695 (Miss. Ct. App. 2012). "There are only two elements to a claim of false imprisonment: (1) detention of the plaintiff and (2) unlawfulness of that detention." *Richard v. Supervalu, Inc.*, 974 So. 2d 944, 949 (Miss. Ct. App. 2008).

Plaintiff's arrest was not false, unlawful, or without probable cause. Critically, the arrest warrant came after a clear violation of plaintiff's probation. While Plaintiff

alleges that documents were falsified to reflect a violation of probationary terms, such claim is without evidentiary support. Instead, the unrebutted evidence shows that although Plaintiff was under a court order which required written authorization before traveling outside of Mississippi, she failed to obtain such authorization. Therefore, Defendant had the probable cause to seek a warrant for Plaintiff's arrest, and her claim for false arrest must fail.

And like Plaintiff's arrest, Plaintiff's subsequent detention was also lawful and supported by probable cause. This is firmly supported by the language of the circuit court's order setting forth the terms of her probation and the uncontroverted evidence before this Court which reveals a violation of said terms.

Because of the existence of probable cause and the lawfulness of Plaintiff's detention, her false arrest and false imprisonment claims must be dismissed.

### III.    Plaintiff's reckless disregard claim fails.

Plaintiff argues that Defendant's acts and/or omissions "constituted a reckless disregard or deliberate indifference to the life, safety and rights of the Plaintiff."

"Reckless disregard is more than mere negligence, but less than an intentional act." *Mississippi Dep't of Pub. Safety v. Durn*, 861 So. 2d 990, 994–95 (Miss. 2003). "While we agree that reckless disregard would encompass gross negligence, we hold that reckless disregard is a higher standard than gross negligence by which to judge the conduct of officers." *Id.*

"Disregard of the safety of others is at least negligence if not gross negligence." *Id.* "Because 'reckless' precedes 'disregard,' the standard is elevated." *Id.* "As quoted above from Black's Law Dictionary, 'reckless,' according to the circumstances, may mean desperately heedless, wanton or willful, or it may mean only careless, inattentive or negligence." *Id.* "In the context of the statute, reckless must connote 'wanton or willful,' because immunity lies for negligence." *Id.* "And this Court has held that 'wanton' and 'reckless disregard' are just a step below specific intent." *Id.* "Our case law indicates 'reckless disregard' embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." *Id.* "Reckless disregard usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow." *Id.*

Plaintiff fails to show that Defendant's act of petitioning the court for an arrest warrant was done with the requisite willfulness and wantonness needed to establish reckless disregard. However, the evidence presented does reveal that Plaintiff violated the court's order which set forth the terms of her probation.

Furthermore, Plaintiff simply fails to set forth any evidence in support of her claims of retaliation. Instead, the uncontroverted evidence shows that at the time the arrest warrant was issued, Plaintiff was not in compliance with the terms of her probation. And because of Plaintiff's failure to strictly comply with the terms of her probation, the petitioning for an arrest warrant was squarely within the defendant's authority.

Therefore, Plaintiff's reckless disregard claim fails and must be dismissed.

### IV. Plaintiff's gross negligence claim is without merit.

Our precedent acknowledges that "[t]here is no precise definition of gross negligence, but one of the approximate definitions may be thus expressed: Gross negligence is that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them." *McDonald v. Lemon-Mohler Ins. Agency, LLC*, 183 So. 3d 118, 126 (Miss. Ct. App. 2015).

Like Plaintiff's reckless disregard claim, her gross negligence claim is also without merit. Probable cause has been established in this case. Plaintiff was under supervised probation when she relocated two states away without written authorization. And even before a warrant was issued, Defendant attempted to make approximately three home visits over the span of six months. *See* Ex. B, *MDOC Probation Entries* at pp. 3-4. To state it plainly, there was a substantial effort to avoid any reckless indifference to the Plaintiff.

As such, Plaintiff's gross negligence claim must be dismissed.

### V. Plaintiff's malicious prosecution claim fails.

"We recognize that malicious prosecution suits must be managed with great caution." *Magyar v. Shiers*, No. 2023-CA-00682-COA, 2025 WL 1377559, at *5 (Miss. Ct. App. May 13, 2025).

"The elements of the tort of malicious prosecution are: (1) the institution of a proceeding; (2) by, or at the insistence of the defendant; (3) the termination of such

14

proceedings in the plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding and (6) the suffering of injury or damage as a result of the prosecution." *Id.* "All six of these elements must be proven by a preponderance of the evidence." *Id.*

"Malice in the law of malicious prosecution does not refer to mean or evil intent but rather connotes a prosecution instituted primarily for a purpose other than that of bringing an offender to justice." *Id.* at *6. "As such, it refers to the defendant's objective, not his attitude." *Id.* "Malice may be and usually is shown by circumstantial evidence. The [fact-finder] may infer malice from the facts of the case." *Id.* "[M]alice may be inferred from a finding that the defendant acted in reckless disregard of the other person's rights." *Id.* "Moreover, [the] absence of probable cause for the prosecution is circumstantial evidence of malice." *Id.* "Furthermore, [our Supreme] Court has emphasized that since the question of malice is a question of fact, it is to be *determined by the* [*fact-finder*] unless only one conclusion may reasonably be drawn from the evidence." *Id.*

"Probable cause is determined from the facts apparent to the observer *when the prosecution is initiated.*" *Id.* at *7. (emphasis added). In this context, probable cause requires "a concurrence of (1) an honest belief in the guilt of the person accused and (2) reasonable grounds for such belief. One is as essential as the other." *Id.* In contrast, "[u]nfounded suspicion and conjecture are not proper bases for finding probable cause." *Id.* "When the facts are in dispute, the existence or absence of probable cause is a question for the fact-finder." *Id.* "As with the element of malice,

the fact-finder may infer an absence of probable cause from circumstantial evidence." *Id.*

Plaintiff has presented no evidence to support any claim of malice. Pointedly, besides the allegations contained her complaint and interrogatory responses, there is no evidence that her arrest came as a result of retaliation. Nor is there evidence of any unwanted advances. But what does lie before the Court is uncontroverted evidence of probable cause.

As established above, the facts apparent *at the time the prosecution was initiated* were that Plaintiff had relocated to a different state without written authorization. Ex. B, *MDOC Probation Entries* at pp. 3-4; Ex. D, *Plaintiff's Discovery Responses* at p. 13. Regardless of the circuit court's later withdrawal of its warrant, those were the facts confronting Defendant McGee at the time of the petition. As such, Plaintiff has failed to present a cognizable malicious prosecution claim.

## CONCLUSION

For all of the reasons stated above, as well as in his Motion for Summary Judgment, Defendant is entitled to summary judgment, and all claims against him are due to be dismissed with prejudice. Defendant also requests such other and further relief as the Court deems just and appropriate.

DATE:  October 20, 2025

**JOHNNIE McGEE,** *Defendant*

**LYNN FITCH**
Attorney General of Mississippi

*/s/ La'Bria M. Barnes*
Special Assistant Attorney General
Mississippi Bar No. 106360
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-4721
E-mail: LaBria.Barnes@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which provided notice to all counsel of record.

This the 20th day of October 2025.

*/s/ La'Bria M. Barnes*